UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. __8:22-cv-00748_____

BRAD M. SMITH, individually,
and on behalf of all others similarly situated,

Plaintiff,

v.

T-MOBILE USA, INC.
and JOHN DOES 1-10,

    Defendants.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** BRAD M. SMITH, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of T-MOBILE USA, INC. and JOHN DOES 1-10, as follows:

### NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th

Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

6. BRAD M. SMITH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in New Port Richey, Florida.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. T-MOBILE USA, INC. ("Defendant") is a nationally recognized wireless service provider.

9. Defendant maintains its principal place of business in Bellevue, Washington.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound calls on its behalf for various purposes. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8567 (Plaintiff's personal cellular phone number).

13. At all times relevant, Plaintiff's number ending in 8567 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone service.

15. In February 2022, Defendant started placing calls to Plaintiff's personal cellular phone number in an attempt to collect an alleged debt owed to Defendant by an unknown individual by the name of "Kimberly Hemmerly".

16. On February 24, 2022, at approximately 9:44 a.m. EST, Plaintiff answered a call from Defendant.

17. As soon as Plaintiff answered the call, he was met with an artificial or pre-recorded voice greeting stating "this call is for Kimberly Hemmerly….."

18. It was clear to Plaintiff that a live person was not on the call as the greeting was monotone and Plaintiff would not get a response when he spoke.

19. The greeting further provided Plaintiff with the option to press "0" to speak to a live representative.

20. Plaintiff pressed 0 and spoke to a live representative.

21. During this call, Plaintiff (1) notified Defendant's representative that he is not "Kimberly Hemmerly"; (2) advised Defendant's representative that Defendant was calling a wrong number; and (3) requested that Defendant cease its misguided calls.

22. Despite Plaintiff's request that Defendant cease its misguided calls, Defendant continued to pound Plaintiff with calls that utilized an artificial or prerecorded voice ("robocalls") in an effort to contact "Kimberly Hemmerly."

23. On March 10, 2022, at approximately 10:45 a.m. EST, Plaintiff answered another robocall from Defendant.

24. Plaintiff was again greeted with an artificial or pre-recorded voice stating "this call is for Kimberly Hemmerly…."

25. Plaintiff again pressed "0" and spoke with a representative named "Dell."

26. During this call, Plaintiff again (1) notified Defendant that it is contacting the wrong party; (2) advised Defendant that he does not know who "Kimberly Hemmerly" is; and (3) requested that Defendant cease its misguided calls.

27. Plaintiff's request that the misguided robocalls cease fell on deaf ears again and Defendant continued placing robocalls to Plaintiff's cellular phone.

28. In total, Defendant placed no less than fifty (50) misguided robocalls to Plaintiff's cellular phone number, including phone calls from the phone number (844) 796-0648.

29. Upon information and belief, the robocalls referenced herein were placed by John Does 1-10 on behalf of Defendant.

30. At no point in time did Plaintiff provide his personal cellular phone number to Defendant.

## DAMAGES

32. Plaintiff values his time, privacy, and solitude.

33. Defendant's misguided robocalls have invaded Plaintiff's privacy, disrupted Plaintiff's everyday life, and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the misguided robocalls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular phone as a result of increased usage of Plaintiff's cellular phone, and wasting Plaintiff's time.

34. Moreover, each time Defendant placed a robocall to Plaintiff cellular phone number, Defendant occupied Plaintiff's cellular phone number such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## **CLASS ALLEGATIONS**

35. Paragraphs 12 through 34 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals residing in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) in an attempt to contact a third party; (5) without his/her consent; (6) within the four years preceding the date of this Complaint through the date of class certification.

37. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

38. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

39. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

40. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

41. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B. Commonality and Predominance**

42. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

43. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

44. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

51. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)
### (On behalf of Plaintiff and the Members of the Putative Class)

52. Paragraphs 12 through 51 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020).

54. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than fifty (50) non-emergency calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

55. As pled above, Defendant's calls utilized an artificial or prerecorded voice that automatically played upon Plaintiff answering the call.

56. As pled above, Defendant did not have consent to place calls to Plaintiff's cellular phone number as Plaintiff never provided his phone number to Defendant.

57. Upon information and belief, Defendant does not maintain an effective process to flag wrong numbers and ensure that the calls to wrong numbers cease.

58. Specifically, as demonstrated herein, instead of updating its records to cease robocalls to wrong numbers, Defendant blatantly ignored Plaintiff's requests that the calls cease and continued to pound Plaintiff with misguided robocalls.

59. As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: March 31, 2022                    Respectfully submitted,

**BRAD M. SMITH**

By: /s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq., *Of Counsel*
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
ataylor@sulaimanlaw.com